WRIT of error to the Superior Court in and for New Castle county.
Tried before the Chancellor, and Judges Milligan and Hazzard, at the June term, 1845.
This case was again argued by Wales, for plaintiffs in error, and Bates, and Bates, jr., for defendant in error. The principles, and *Page 281 
authorities cited, with a particular statement of the case may be found in 3 Harr. Rep. 517; the argument here being the same, and supported by the same authorities.
The question was, whether in an action on a judgment recovered in another State, and where the judgment record showed on its face the service of process and appearance of the defendant, he could be allowed, by a special plea, to controvert the record by denying notice or appearance.
A majority of the court, reversing the decision of the court below on this question, held the record to be conclusive; and that no such plea could be pleaded against it.
The Chancellor delivered the judgment of the court orally; taking the same ground, and supporting it by the same general reasoning, as was presented by him (dissenting) when the case was before this court at the June term 1840. (3 Harr. Rep. 248.)
Judge Milligan added some remarks in explanation of the decision at that term; which was upon a question of pleading, and did not necessarily involve the effect of the judgment record; as to which he said "he had never entertained a doubt." He considered such judgments, duly authenticated, not only prima facie evidence of debt, but conclusive, whenever it appears from the record that the court rendering the judgment had jurisdiction of the parties, and of the subject matter.
The chief doubt he had felt in relation to the present case had been, whether the record showed a sufficient notice to, and appearance of Jehu Clark, one of the defendants to this suit. But when he considered that the original proceedings were against the defendants, as partners;
that it had been decided that the appearance of one partner may bind another: that the return of the sheriff, in this case, (which was C. C. B. B.,) may be fairly interpreted as applying to both:
that a recognized officer of court appeared and marked his name forboth; and, above all, that a commission for taking the testimony of witnesses was taken out for both, and sent to this county, where Jehu Clark resides; and that the said commission was executed and returned, — he was bound to conclude that there was notice toboth, and that they did both appear.
He therefore, concurred with the chancellor in reversing the decision of the court below."
Judge Hazzard dissented. The record, (he said) did not show, satisfactorily to him, the appearance of Jehu Clark; and this was a matter that ought not to be left in any doubt. And, even if it did *Page 282 
show an appearance, he thought that, on general principles, a party ought to be allowed to controvert a fact so essential to the jurisdiction of the court rendering the judgment, as this. Although the constitutional requisition was operative, and must be obeyed, in reference to the judgments of courts of sister States having jurisdiction, and "full faith and credit shall be given them;" yet "every court must feel a repugnance to holding as conclusive and incontrovertible, a judgment recovered in another State, against one who had no notice of the suit; who made no defence; and had no opportunity of making defence." To adopt the prainciple of an estoppel by the record in all cases of judgment against a citizen of this State, in another State, would in his opinion, place in jeopardy the rights and interests of the citizens.
 Judgment reversed.